UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE HARRIS, | No. 2:21-cv-0688 AC P |
| Plaintiff, | |
| v. | ORDER |
| SOLANA COUNTY SHERIFF'S DEP'T, et al., | |
| Defendants. | |

Plaintiff is a county inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983.[1]  Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated below, plaintiff's motion to proceed in forma pauperis will be granted and he will be given an opportunity to amend the complaint.

I. APPLICATION TO PROCEED IN FORMA PAUPERIS

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

---

[1] Plaintiff is incarcerated at the Solano County Stanton Correctional Facility in Fairfield, California. The Court will assume for purposes of this order that plaintiff has been convicted of a crime(s) and is serving a sentence. If plaintiff was a pretrial detainee at the time of the incident alleged in the complaint, he shall so inform the Court in an amended complaint.

1

1    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§
2 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in
3 accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct
4 the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and
5 forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments
6 of twenty percent of the preceding month's income credited to plaintiff's prison trust account.
7 These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
8 the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §
9 1915(b)(2).

10   II.    SCREENING REQUIREMENT

11    The court is required to screen complaints brought by prisoners seeking relief against a
12 governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §
13 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims
14 that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
15 granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
16 U.S.C. § 1915A(b)(1) & (2).

17    A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."
18 Neitzke v. Williams, 490 U.S. 319, 325 (1989) (brackets added); Franklin v. Murphy, 745 F.2d
19 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on
20 indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"
21 Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (brackets added) (quoting Neitzke, 490
22 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122,
23 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully
24 pleaded, has an arguable legal and factual basis.  Franklin, 745 F.2d at 1227-28 (citations
25 omitted).

26    "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
27 claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
28 what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (brackets added) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, see, e.g., Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, see Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

   III.   THE COMPLAINT

At all times relevant to this action, plaintiff was housed at Solano County Stanton Correctional Facility.  He names the following entities and individuals as defendants: Solano County Sheriff's Department, Sheriff Thomas Ferrara, Custodial Officer N. Guglielminetti, and Lieutenant Von Ting.

Plaintiff asserts an Eighth Amendment excessive force claim and a failure-to-protect claim premised on an incident occurring on March 20, 2021.  He alleges that as he exited the jail's visiting room, he was attacked by another inmate.  When responding officers arrived, plaintiff and the other inmate were ordered to the ground.  At that point, Officer Guglielminetti punched

plaintiff in the face and called him a "nigger." Plaintiff claims the punch fractured his jaw, and he can no longer chew solid foods. He further claims that Officer Guglielminetti was negligent in failing to secure other inmates in their cells before opening the visiting room door.

Plaintiff seeks punitive damages in the amount of $105,000.

IV. ANALYSIS

A. Section 1983 and Supervisory Liability

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him or her of rights secured by the Constitution or federal law. Long, 442 F.3d at 1185 (9th Cir. 2006). There is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677.

Plaintiff names Sheriff Thomas Ferrara, Officer Guglielminetti, and Lieutenant Von Ting in this action. To state a claim, plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934. In other words, to state a claim for relief under § 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of his federal rights. However the only named defendant that plaintiff mentions in the factual allegations is Officer Guglielminetti. Insofar as Sheriff Ferrara and Lieutenant Ting are named solely in their supervisory capacities, the claims asserted against them are subject to dismissal as there are no charging allegations specific to them.

B. Section 1983 and Monell Liability

Plaintiff also names the Solano County Sheriff's Department. To state a viable claim pursuant to Monell v. Dept. of Social Services of the City of New York, 436 U.S. 658 (1978), plaintiff must identify not only a constitutional deprivation, but a policy (or entrenched custom that amounts to same) that is both "deliberately indifferent" to plaintiffs' right and constitutes the

4

"moving force" behind the constitutional violation itself.  Anderson v. Warner, 451 F.3d 1063, 1070 (9th Cir. 2006).  There are three ways to show a policy or custom:

> [B]y showing a longstanding practice or custom which constitutes the standard operating procedure of the local government entity; (2) by showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision; or (3) by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

Menotti v. City of Seattle, 409 F.3d 1113, 1147 (9th Cir. 2005) (cleaned up).  The practice or custom must be more than "random acts or isolated events" and instead must be a "permanent and well-settled practice." Thompson v. City of Los Angeles, 885 F.2d 1439, 1443–44 (9th Cir. 1989) (cleaned up), overruled on other grounds by Bull v. City and Cnty. of San Francisco, 595 F.3d 964 (9th Cir. 2010).  Thus, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy." Oklahoma City v. Tuttle, 471 U.S. 808, 823–24 (1985).

Here, plaintiff does not seemingly advance a Monell claim against the Solano County Sheriff's Department. He does not, for example, allege a policy or practice that caused the violations.  Therefore, the claim against this defendant is also subject to dismissal.

      C.  Eighth Amendment

          a.  Excessive Force

Plaintiff alleges that Officer Guglielminetti punched him in the face unprovoked and after plaintiff was already on the ground.  The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment.  Hudson v McMillian, 503 U.S. 1, 5 (1992) (citations omitted).  "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7.  Not "every malevolent touch by a

prison guard gives rise to a federal cause of action." Id. at 9. De minimis uses of physical force do not violate the constitution provided that the use of force is not of a sort "repugnant to the conscience of mankind." Whitley v. Albers, 475 U.S. 312, 327 (1986) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Plaintiff's allegations against Officer Guglielminetti suggest that the force used was not applied in a good faith effort to maintain or restore discipline. Thus, plaintiff may proceed on an excessive force claim against this defendant.

### b. Failure to Protect

However, plaintiff's claim that Officer Guglielminetti failed to protect him from an attack by the other prisoner is insufficient to proceed. Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer v. Brennan, 511 U.S. 825, 833-34 (1994) (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

Plaintiff alleges that Officer Guglielminetti was negligent by failing to confirm that other inmates were in their cells before opening the visitor room door. Yet there are no facts suggesting that this defendant opened the visiting room door despite knowing there existed a substantial risk of serious harm to plaintiff. Thus, this claim is subject to dismissal.

### D. Leave to Amend

Plaintiff states only an excessive force claim against Officer Guglielminetti. All other claims are subject to dismissal. Plaintiff will be given an opportunity to amend the complaint. In an amended complaint, plaintiff must address the problems with his complaint that are explained above. Plaintiff is advised that in an amended complaint they must clearly identify each

defendant and the action that defendant took that violated plaintiff's constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of the claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading.

E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

## VIII. PLAIN LANGUAGE SUMMARY FOR A PRO SE LITIGANT

Your request to proceed in forma pauperis is granted, and you will not have to pay the filing fee all at once. The court has screened your complaint and finds that it states only a single claim for relief. The complaint will not be served, but you may file an amended complaint that tries to fix the problems described in this order.

If you choose to amend your complaint, follow the instructions provided above. Be sure to clearly identify who did what to violate your rights. Remember that supervisors can be liable only for violations they participate in or otherwise cause; they can't be sued for things that other people did.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall send plaintiff a copy of this court's Civil Rights Complaint By A Prisoner form;

2. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 4) is GRANTED;

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith; and

4. Within thirty days from the date of this order, plaintiff shall file a first amended complaint.

DATED: November 3, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE